## Costello v. Community Medical Center

*Edwin A. Abrahamsen,* for plaintiff.
*Richard K. Hodges,* for defendant.

MINORA, *J.,* May 15, 2009—

## I. INTRODUCTION

Currently before the court is defendant's motion in limine to preclude certain documents from being introduced into evidence.

By way of background, this matter arises from allegations of breach of contract and unjust enrichment with regard to plaintiff providing defendant neurosurgical trauma-call coverage between the dates of July 1, 2003 and May 31, 2004. Allegedly, plaintiff was, at all times relevant, a member of the active medical staff of Community Medical Center.

On March 31, 2000, plaintiff, defendant and Scranton Neuroscience Associates P.C. entered into an agreement concerning, among other things, plaintiff's relocation to the Scranton, Pennsylvania area, becoming a member of the active medical staff of Community Medical Center and participating in the hospital's neurosurgical trauma coverage schedule. A dispute arose between plaintiff and defendant concerning the terms, conditions and the obligations of the parties under this agreement. That dispute was resolved by way of a settlement agreement and mutual release entered into on July 1, 2003.

Subsequent to the entry of the July 1, 2003 settlement agreement, plaintiff continued to provide neurosurgical trauma-call service to defendant from July 1, 2003 to May 31, 2004. At the time of the July 1, 2003 agreement, plaintiff allegedly voiced her intention to seek payment for providing continuing services and the hospital was receptive to the same.

According to plaintiff, despite indicating on numerous occasions that the hospital would make payments to the plaintiff for provision of neurosurgical call services, no payment was ever forthcoming.

Therefore, the instant lawsuit was commenced.

Defendant's motion in limine seeks to preclude the following:

"(1) The March 31, 2000 agreement;

"(2) The July 1, 2003 settlement agreement;

"(3) Similar agreements between the defendant and another neurosurgeon, Dr. Shripathi P. Holla M.D. dated December 10, 2002, February 1, 2005 and June 30, 2006."

The parties have agreed to submit this matter to binding arbitration tentatively scheduled for May 21, 2009. However, they have agreed to have the court rule on defendant's motion in limine with our ruling being binding upon the arbitratrator.

As the matter has been fully briefed and/or argued, we will now so rule with this memorandum.

## II. ISSUE

Should defendant's motion in limine seeking to preclude from evidence the above referenced agreements be granted or denied?

## III. DISCUSSION

Defendant has moved to preclude all of the above referenced agreements on the collective basis of Pa.R.E. 408, 401, 402 and 403. Specifically, the defendant is contesting the admission of the July 1, 2003 settlement agreement on the basis that offers of compromise and release are not admissible to prove liability.

A close reading of the rule demonstrates the following:

*"Rule 408. Compromise and offers to compromise*

"(a) *Prohibited uses.* Evidence of the following is not admissible on behalf of any party, when offered to prove liability for, invalidity of, or amount of a claim that was disputed as to validity or amount, or to impeach through a prior inconsistent statement or contradiction:

"(1) furnishing or offering or promising to furnish—or accepting or offering or promising to accept—a valuable consideration . . . or attempting to compromise *the* claim; and

"(2) conduct or statements made in compromise negotiations.

"(b) *Permitted uses.* This rule does not require exclusion if the evidence is offered for purposes not prohibited by subdivision (a). Examples of permissible pur-

poses include proving a witness' bias or prejudice; negating a contention of undue delay; and proving an effort to obstruct a criminal investigation or prosecution. This rule does not require the exclusion of any evidence otherwise discoverable merely because it is presented in the course of compromise negotiations." (emphasis added) See generally, *Hooker v. State Farm Fire and Casualty Company,* 880 A.2d 70 (Pa. Commw. 2005).

The defendant's reliance on Pa.R.E. 408 is misplaced. The settlement agreement of July 1, 2003 involves only those claims made for services provided prior to July 1, 2003.

The instant claim is for services provided *subsequent* to July 1, 2003. Certainly, defendant is correct that if a claim was currently being made for services prior to July 1, 2003, any settlement discussions, agreements etc. for that period would be inadmissible under Pa.R.E. 408. However, this instant claim is for services after July 1, 2003 and plaintiff alleged she made defendant aware of her intention to seek payment for trauma-call services after July 1, 2003 which is the subject of the instant suit.

Therefore, under Pa.R.E. 408, the July 1, 2003 agreement can be used to explain the backdrop of this post July 1, 2003 claim but not as an admission of liability for the post July 1, 2003 claims. See Pa.R.E. 408 and *Hooker v. State Farm Fire and Casualty Company, supra.*

Defendant also contends that the evidence of the various agreements are irrelevant as defined by Pa.R.E.

401 and 402 and that their probative value is outweighed by the danger of unfair prejudice, confusion of issues or misleading the jury in violation of Pa.R.E. 403.

Pa.R.E. 401 defines "relevant evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."

Moreover, Pa.R.E. 402 provides that "all relevant evidence is admissible, except as otherwise provided by law. Evidence that is not relevant is not admissible."

Thus, while the general rule of the admissibility of relevant evidence is subject to various exceptions, the rule that irrelevant evidence is not admissible is categorical. Accordingly, the threshold inquiry with admission of evidence is whether the evidence is relevant. See *Commonwealth v. Cook,* 597 Pa. 572, 952 A.2d 594 (2008).

Counterbalanced against the above is Pa.R.E. 403 which states that: "[a]lthough relevant, evidence may be excluded if its probative value is outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by consideration of undue delay, waste of time or needless presentation of cumulative evidence."

The above balancing task is solely within the discretion of the trial court and will be disturbed only on a showing of abuse of discretion. See *Commonwealth v. Parker,* 882 A.2d 488 (Pa. Super. 2005), *appeal granted,* 587 Pa. 721, 899 A.2d 1123 (2006), *affirmed on other grounds,* 591 Pa. 526, 919 A.2d 943 (2007).

In applying our discretion, we agree with the plaintiff that the agreement between Dr. Costello, Scranton Neuroscience and Community Medical Center is relevant to provide a backdrop to the fact-finder of the relationship between the parties.

The settlement of the dispute arising from that agreement is only relevant to show that Dr. Costello allegedly continued to pursue her right to compensation for providing trauma-call services *after* July 1, 2003 and to explain to the fact-finder why the claim for payment in the instant case begins as of July 1, 2003.

We also agree with plaintiff that the hospital's agreements with Dr. Holla may be relevant to show the value of services provided to the hospital for on-call services as well as dispute possible defense expert testimony that it is standard practice in the industry for doctors to provide trauma-call services without direct compensation from the hospital.

Certainly, the fact-finder cannot use the settlement agreement of July 1, 2003 as evidence of liability for this instant case seeking payment for services rendered after July 1, 2003.

We are confident that the arbitrator can view the documents in question within the framework outlined in this memorandum.

Therefore, we will deny defendant's motion in limine for preclusion, subject to the above directives. An appropriate order follows.

## ORDER

And now to wit, May 15, 2009, upon due consideration of defendant's motion in limine to preclude the admission of the March 31, 2000 agreement, the July 1, 2003 settlement agreement and the various agreements with Dr. Holla, the written and/or verbal arguments of counsel, and in accordance with the foregoing memorandum, defendant's motion in limine to preclude the admission of the above various documents is denied.

However, the fact-finder is precluded from construing the July 1, 2003 settlement agreement as any admission of liability in the instant case.